IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| IN RE: JAMES CALVIN BARNES, | Cause No. CV 23-64-BLG-SPW |
| Petitioner. | ORDER |

This Matter comes before the Court on handwritten documents filed by Petitioner James Calvin Barnes (Barnes). (Docs. 1 & 1-1.) Out of an abundance of caution, the Court construes Barnes' filing as an application for writ of habeas corpus under 28 U.S.C. § 2254. Barnes is a state prisoner proceeding pro se.

I.      **Background**

Barnes is presently in custody of the Yellowstone County Detention Facility. He has been committed to the Montana Department of Corrections for 5-years, with 2 of the years suspended. (Doc. 1 at 1.) Barnes indicates he has served 342 days of his sentence. (*Id.*) Barnes petitions the Court seeking a transfer, under the Interstate Corrections Compact (ICC), to South Dakota. He indicates that his wife is very ill, has been hospitalized several times, and has no one to take care of her except for their children. (*Id.*) Barnes suggests he has looked into the possibility of a medical transfer, to no avail. He claims that if he is transferred, he will obey

1

all laws and applicable conditions and that he has employment and housing available to him in South Dakota. (*Id.*) Barnes states his wife has spoken to Probation and Parole officials in South Dakota who have informed her they are willing to approve Barnes' transfer under the ICC. (*Id.* at 2.) Barnes asks this Court to order his transfer. (*Id.*)

## II.    Analysis

Barnes' claims are not cognizable and this Court is unable to provide him the relief sought. The federal habeas statute grants the United States District Court jurisdiction to entertain petitions for habeas relief only from persons who are in custody in violation of the Constitution or laws or treaties of the United States. *See* 28 U.S.C. §2254(a); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Barnes has no federal constitutional right to be housed in a particular prison or in a particular state. *See Olim v. Wakinekona*, 461 U.S. 238 (1983).

Additionally, the ICC is an agreement between states, territories, and the District of Columbia, which sets forth procedures governing the interstate transfer of prisoners. A state compact is transformed into federal law, and thus may be the basis for a federal constitutional action, when (1) it falls within the scope of the Constitution's Compact Clause, (2) it has received congressional consent, and (3) its subject matter is appropriate for congressional legislation. *Ghana v. Pearce*, 159 F.3d 1206, 1208 (9th Cir. 1998) (some internal citations omitted). The Ninth

2

Circuit has explained, however, with respect to the ICC, such a compact is not federal law because the procedures governing the transfer of prisoners "are a purely local concern and there is no federal interest absent some constitutional violation in the treatment of these prisoners." *Id.* Thus, Barnes cannot state a viable federal claim under the ICC.

Barnes cites to a case out of the District of Colorado, seemingly in support of his request for a medical transfer. (*See* Doc. 1 at 1)(*citing Interstate Medical Licensure Compact Commission, v. Bowling*, Cause No. CV-20-02942). But the case Barnes' references is a civil breach of contract/wrongful discharge matter that has no application to Barnes' present filing.

While the Court is sympathetic to Barnes' family situation, he is advised that any request for interstate transfer involving his state sentence must be made in the state courts, and not before this Court. Federal district courts, as courts of original jurisdiction, do not serve as appellate tribunals to review errors allegedly committed by state courts. *MacKay v. Pfeil*, 827 F. 2d 540, 543 (9th Cir. 1987); *see also Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 296 (1970) ("lower federal courts possess no power whatever to sit in direct review of state court decisions"). Thus, even if Barnes believed that the state court had erred in denying his request for a transfer under the ICC, that claim involves the application of state law and is neither a proper nor cognizable ground for relief

3

in a federal habeas corpus proceeding. *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (A state court's interpretation of state law is binding on a federal habeas court); *Hendricks v. Zenon*, 993 F. 2d 664, 674 (9th Cir. 1993) (claim exclusively concerned with state law not cognizable in federal habeas).

The claims contained in Barnes' petition turn on state law, implicating no federal rights. Accordingly, this Court is without authority or jurisdiction to grant Barnes relief; his petition must be denied.

### III.   Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484).

Barnes has not made a substantial showing that he was deprived of a constitutional right. His claims are not cognizable in federal habeas. A certificate of appealability will be denied.

Based on the foregoing, the Court enters the following:

4

# ORDER

1.  The Petition (Doc. 1) is DISMISSED.

2.  The Clerk of Court is directed to enter by separate document a

judgment in favor of Respondents and against Petitioner.

3.  A certificate of appealability is DENIED.

DATED this 15 day of June, 2023.

Susan P. Watters
United States District Court Judge

5